PHILLIP MATARESE *vs.* EMELIO IAVAZZO.
PASQUALE D'ALESIO *vs.* SAME.
FEBRUARY 20, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J.   The plaintiffs, claiming that the defendant had committed larceny by embezzling certain monies, which they had entrusted to him, bring these actions of trespass under General Laws, 1923, Chapter 333, Sec. 16 to recover twice the value of the monies allegedly taken. The cases, involving the same question, were tried together in the Superior Court, the jury returning a verdict for the defendant in each case.   Thereupon, each plaintiff filed a motion for a new trial which motions were granted by the trial justice solely on the ground of newly discovered evidence which, in his opinion, would warrant different verdicts, if believed by a jury.   The cases are now before us on the single exception of the defendant to this ruling of the trial justice.

From the evidence it appears that each plaintiff turned over to the defendant a sum of money to be used in starting a bakery in which all were to be interested.   The plaintiffs' contention is that the defendant, who was to manage the business and obtain customers, definitely agreed to have a corporation organized to carry on the venture, but that he failed to do so.   The defendant claims that the undertaking was to be conducted as a partnership

only. Two secondhand trucks for delivery purposes were purchased by the parties, on which down-payments were made and notes given for the balance of the purchase price. One of these trucks was registered in the name of the defendant's son and the other in the name of the defendant's daughter. The business was run under these conditions for only eleven weeks. The plaintiffs, who did the actual baking, became dissatisfied because no corporation was formed and because they received very little compensation, and they asked the defendant to pay back to them the money they had placed in his hands. He refused their request, and these actions were then brought.

At the trial in the Superior Court the defendant was questioned concerning what had become of the two delivery trucks. He gave an explanation concerning one, and as to the other he testified, in substance, that there were unpaid notes due on it and that a Mr. Montecalvo took it off his hands, but paid him nothing for it.

In support of their motions for new trials, the plaintiffs filed affidavits which tend to prove that a few months after they had left the business and these cases had been brought, the defendant sold to Montecalvo Brothers the truck in question and the bakery business and good will, including routes and lists of customers, and received therefor $400. In one of the affidavits is a copy of the agreement involved in this transaction. This agreement is between the defendant, his son and daughter, as vendors, and Montecalvo Brothers, as vendees.

We are of the opinion that, on the record before us, the evidence appearing in these affidavits can properly be considered to be newly discovered. The facts set out therein were purely within the knowledge of the defendant and the vendees, but not within the plaintiffs' knowledge. We cannot say under all the circumstances disclosed that the failure of the plaintiffs to find out prior to the trial about the sale by the defendant of the truck and bakery business was due to a lack of reasonable diligence on their part.

Further, the fact that the plaintiffs did not ask for a continuance on the ground of surprise, when the defendant gave his evidence concerning the disposition of the truck, in our judgment is not a vital objection to their request for new trials on the ground of newly discovered evidence. The matter arose near the end of the trial. The defendant gave in evidence the name of the person to whom he had turned over the truck in question and testified that he had received no consideration for so doing. There was, at that time, nothing to put the plaintiffs on notice that this testimony was not correct.

The facts in the instant cases do not bring them within the general rules governing these points as laid down in *Riley* v. *Shannon*, 19 R. I. 503; *Atlas Sheet Metal Works, Inc.* v. *Campbell*, 48 R. I. 160.

The evidence referred to in the affidavits is essentially new and not merely cumulative and is, in our opinion, material, and has a reasonably important bearing on one of the principal issues in the cases. The defendant's action in disposing of the truck and bakery business for $400 without informing the plaintiffs of this sale, and in then retaining the sum received, although happening some months after the plaintiffs had left the bakery, might fairly be considered by a jury with reference to the defendant's original intent and purpose when he received from the plaintiffs the payments of the sums in dispute.

We are unable to say that the action of the trial justice in granting the plaintiffs' motions for new trials was clearly erroneous. *Daley* v. *Ryder*, 51 R. I. 369.

The defendant's exception in each case is overruled, and each case is remitted to the Superior Court for a new trial.

*Benjamin Cianciarulo, Angelo Cianciarulo, Edward A. Capomacchio,* for plaintiffs.

*John O. Pastore, Benjamin Winicour,* for defendant.